

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2003

# USA v. Jennings

Precedential or Non-Precedential: Non-Precedential

Docket 02-3106

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"USA v. Jennings" (2003). *2003 Decisions.* Paper 533.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/533

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-3106

UNITED STATES OF AMERICA

v.

JAVON JENNINGS,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-00240-1)
District Judge: Hon. Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2003

Before: SCIRICA, Chief Judge, SLOVITER and NYGAARD, Circuit Judges

(Filed: May 23, 2003)

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Javon Jennings, who pled guilty to one count of armed robbery and one count of use of a firearm during a crime of violence, appeals alleging that the District Court misapplied the Sentencing Guidelines by enhancing his sentence for brandishing a firearm. Jennings did not raise this issue in the District Court, so we review only under the plain error standard.

## I.

## BACKGROUND

Jennings was involved in a series of armed robberies. He pled guilty to Count One of the Information, which charged Jennings with the December 9, 2000 armed robbery of a Gulf Gas Station in Collingswood, New Jersey, in violation of 18 U.S.C. § 1951, and to Count Two, which charged him with using and carrying a short-barreled shot gun during and in relation to a crime of violence (the armed robbery of a Gas Mart in Haddon Township, New Jersey on December 20, 2000) in violation of 18 U.S.C. § 924(c)(1)(B). In his plea agreement, Jennings stipulated that in addition to the December 9 armed robbery, he committed or aided and abetted the commission of three other armed robberies on November 20, 2000, December 16, 2000 and December 20, 2000, and one attempted armed robbery on December 2, 2000. Jennings further stipulated that a firearm was brandished during and in relation to the commission of these other offenses, and that a firearm was discharged during and in relation to the commission of the December 9,

2

2000 robbery to which he pled guilty.

The District Court adopted the Sentencing Guideline calculations in the Presentence Investigation Report. Pursuant to U.S.S.G. § 1B1.2(c), the Probation Officer treated the three uncharged armed robberies and one attempted armed robbery as though Jennings had been convicted of these offenses. After determining the base offense level for each of the armed robbery offenses, the Probation Officer, pursuant to U.S.S.G. §§ 2B3.1(b)(2) and 1B1.3(a)(1), increased that level based upon the specific offense characteristic of discharging or brandishing a firearm during and in relation to the commission of the offense.

The Probation Officer, however, did not increase the base offense level for the December 20, 2000 armed robbery based upon the brandishing of a firearm because Jennings pled guilty to use of a firearm in connection with this robbery in violation of 18 U.S.C. § 924(c). The Probation Officer recognized that, under U.S.S.G. § 2K2.4, the guideline sentence for a violation of § 924(c) is the minimum term of imprisonment required by statute, and that Application Note 2 provides that when a sentence is imposed for a violation of § 924(c) in conjunction with a sentence for an underlying offense, a weapons enhancement should not be applied when determining the sentence for the underlying offense.

After making adjustments for the multiple counts and Jennings' acceptance of responsibility, the Probation Officer determined that the guideline range for imprisonment

for Count One is 108 to 135 months and the guideline sentence for Count Two is the minimum term of imprisonment required by statute to be imposed to run consecutively to the term of imprisonment imposed for Count One. The District Court sentenced Jennings to 108 months imprisonment on Count One and 120 months imprisonment on Count Two, to be served consecutively, followed by a five year term of supervised release. The District Court also ordered payment of restitution in the amount of $21,107.17 and a special assessment of $200.00. This appeal followed.

Jennings' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and "explain why the issues are frivolous." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. 386 U.S. at 744. The defendant is given an opportunity to file a brief, and Jennings filed a pro se brief.

## II.

## DISCUSSION

Relying on United States v. Knobloch, 131 F.3d 366 (3d Cir. 1997), Jennings argues that the District Court erred by applying the weapons enhancements at sentencing

4

because he received a consecutive sentence for using and carrying a firearm during and in relation to the December 20, 2000 armed robbery. Although the government did not respond as to Knobloch, we find that case distinguishable.

In Knobloch, the defendant pled guilty to a drug distribution offense and to using and carrying a handgun during and in relation to the drug distribution offense. He also acknowledged responsibility for possession with intent to distribute the drugs and for the use of two other guns during and in relation to the possession offense. In calculating the defendant's sentence for the distribution offense, the district court determined the base offense level for that offense and applied a specific offense characteristic enhancement for possession of the two guns related to the drug possession offense. The district court also imposed a mandatory consecutive sentence for the use and carrying of a gun during and in relation to the drug distribution offense in violation of § 924(c).

This court held that the district court committed plain error when it applied the weapons enhancement. Id. at 371. Application Note 2 to U.S.S.G. § 2K2.4 provides in relevant part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for

5

the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c).

U.S.S.G. § 2K2.4, Application Note 2.

We explained, "Application Note 2 to U.S.S.G. § 2K2.4 plainly prohibits a two-level enhancement under these circumstances for possession of any firearm – whether it be the one directly involved in the underlying offense or another firearm, even one in a different location. If the court imposes a sentence for a drug offense along with a consecutive sentence under 18 U.S.C. § 924(c) based on that drug offense, it simply cannot enhance the sentence for the drug offense for possession of any firearm." Id. at 372.

The situation presented in Knobloch was not repeated here. Because Jennings pled guilty to use and carrying of a firearm in connection with the December 20, 2000 armed robbery and received a consecutive sentence for that offense under 18 U.S.C. § 924(c), the District Court did not enhance the base offense level for the December 20, 2000 armed robbery. Rather, the District Court, in adopting the Presentence Investigation Report, only applied weapon enhancements to the armed robberies with no related conviction for a § 924(c) offense. See U.S.S.G. § 2K2.4, Application Note 2 ("[I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. §

6

924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.). Thus, there was no error in imposing sentence on Jennings.

Accordingly, we will affirm the judgment of conviction and sentence. We will grant counsel's motion to be relieved.

_____

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Dolores K. Sloviter_____
Circuit Judge